UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



KATHERINE A. GREENIZEN,
                    Plaintiff,          **DECISION AND ORDER**
        v.                              17-CV-06461-JWF

COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

## Preliminary Statement

Plaintiff Katherine A. Greenizen brought this action pursuant
to a Title II and Title XVI of the Social Security Act seeking
review of the final decision of the Commissioner of Social Security
("Commissioner") denying her application for social security
disability and supplemental security income benefits. See
Complaint (Docket # 1). Presently before the Court are the
parties' competing motions for judgment on the pleadings. See
Docket ## 9, 13. For the reasons that follow, plaintiff's motion
(Docket # 9) is **granted**, the Commissioner's motion (Docket # 13)
is **denied**, and the matter is remanded to the Commissioner for
further proceedings.

## Background and Procedural History

On September 19, 2013, plaintiff filed an application for
supplemental security income alleging disability beginning on
April 15, 2007.[1] Administrative Record ("AR.")(Docket # 5) at 246,

---

[1] At her hearing, plaintiff amended her alleged onset date to April 1, 2012.
AR. at 48.

1

251. After the application was denied, plaintiff timely requested a hearing.

She appeared with counsel and testified at a hearing held on December 3, 2015 before Administrative Law Judge Brian Kane ("the ALJ"). AR. at 32-72. Vocational Expert Julie Andrews ("the VE") also testified at the hearing. The ALJ issued an unfavorable decision on March 1, 2016. AR. at 17-27. Plaintiff timely requested review by the Appeals Council, which the Council denied on May 17, 2017, making the ALJ's decision the final decision of the Commissioner. AR. at 1-3. Plaintiff subsequently filed this lawsuit.

## Discussion

Plaintiff contends that the ALJ's decision was not supported by substantial evidence because he ignored plaintiff's non-exertional limitations in formulating plaintiff's residual functional capacity ("RFC"). See Docket # 9-1. While the Court is not convinced the ALJ ignored plaintiff's mental limitations, he certainly failed to address them one way or another in his decision and, accordingly, remand is required.

In reviewing plaintiff's disability application, the ALJ found that plaintiff suffers from two "severe" mental health impairments: major depressive disorder and dependent personality disorder. AR. at 19. According to the ALJ, these severe mental health impairments "cause significant limitations in the

2

[plaintiff's] ability to perform basic work activities necessary to do most jobs." Id. The ALJ noted that the plaintiff had previously experienced "one to two" episodes of mental health decompensation, "each of extended duration." AR. at 20. In addition, there was substantial evidence in the record supporting plaintiff's longstanding mental health issues, including medical opinions containing varying degrees of non-exertional limitations. For example, Melissa Sydor, LCSW, plaintiff's treating mental health therapist, opined in October 2015 that plaintiff had moderate impairments in activities of daily living, in maintaining social functioning and concentration, persistence or pace. AR. at 685. The therapist stated that even a minimal increase in mental demands for plaintiff would likely cause her to decompensate. AR. at 686. She noted that plaintiff was not a malingerer, and that she expected that plaintiff's mental health problems would cause her to miss more than four days a month from work. Id.

Additionally, Dr. Suchman, plaintiff's long-time treating physician had been treating plaintiff for severe depression for many years, and his office records note suicidal thoughts (AR. at 364-366) and many years of pharmacological interventions for depression and anxiety. In October 2015, he opined that "the major challenge to her functioning is her depression." AR. at 682. (emphasis added). Dr. Finnity, the consultative psychologist, also found that plaintiff's "psychiatric symptoms"

3

interfered with her "ability to function on a daily basis." AR. at 498. Finally, plaintiff's own testimony regarding the effects of depressive episodes also paid tribute to her mental health struggles and the employment difficulties that resulted from them. AR. at 65-71.

Although there is considerable evidence in the record documenting plaintiff's serious mental health issues and the likelihood of non-exertional limitations, the ALJ, in formulating plaintiff's RFC, failed to acknowledge the impact plaintiff's mental health limitations had on her ability to function in a competitive work environment. Indeed, despite the fact that the ALJ had already determined that plaintiff's major depression and dependent personality disorder would cause "significant limitations" in plaintiff's ability to perform "basic work activities," it appears the ALJ only considered plaintiff's exertional limitations in concluding that she was able to perform "the full range of sedentary work." In fact, no questions were posed by the ALJ to the VE eliciting any testimony about plaintiff's mental health limitations, including those identified by treating providers. This error cannot be dismissed as harmless because there is not one opinion in the record supporting the finding that plaintiff can perform full-time work in a competitive environment without some workplace limitation or accommodation on account of her mental health issues. The plaintiff's non-

4

exertional limitations were not adequately considered by the ALJ in formulating plaintiff's RFC and, accordingly, the Commissioner's decision is not supported by substantial evidence. Remand is therefore appropriate.

## Conclusion

Plaintiff's motion for judgment of the pleadings (Docket # 9) is **granted**, and the Commissioner's motion for judgment on the pleadings (Docket # 13) is **denied**. This matter is remanded to the Commissioner for further proceedings consistent with the Decision and Order.

**IT IS SO ORDERED.**

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 10, 2018
       Rochester, New York